**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MYRON CHERRY,

Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE; DAN
GLICKMAN, Secretary, United States
Department of Agriculture; MIKE
DOMBECK, Chief, United States
Forest Service; LYLE LAVERTY,
Regional Forester; JAMES WEBB,
Forest Supervisor, San Juan National
Forest; MICHAEL JOHNSON,
District Ranger; DICK BELL;
O.J. OSTROWSKI,

Defendants-Appellees.

No. 00-1139
(D.C. No. 98-B-876)
(D. Colo.)

ORDER AND JUDGMENT *

---

*       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY** , **BRORBY** , and **LUCERO** , Circuit Judges.

---

Plaintiff Myron Cherry, appearing pro se, appeals the district court's judgment upholding the Forest Service's decision and dismissing his complaint, brought pursuant to the Administrative Procedures Act (APA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* , 403 U.S. 388 (1971). Because the district court lacked jurisdiction over most of plaintiff's claims, we affirm in part and vacate in part, and remand the case with directions to dismiss the vacated claims for lack of jurisdiction.

## I. Background

Plaintiff owns several millsites in the San Juan National Forest, including an unpatented mining claim identified as the Graves Millsite. In August 1982, he filed with the Forest Service a notice of intent to conduct operations at the Graves Millsite. Pursuant to 36 C.F.R. § 228.4(a), the District Ranger determined that plaintiff's operations would "likely cause significant disturbance of surface resources" and informed plaintiff that he was required to submit a proposed plan of operations for approval.

In 1983, plaintiff filed a proposed plan of operations. After conducting an environmental assessment, the Forest Service authorized plaintiff to conduct his proposed operations at a site other than his preferred site, imposed certain

mitigating conditions, and required a reclamation bond. Although plaintiff objected to the mitigating measures, he did not appeal the agency's decision.

In 1984, the Forest Service issued another plan of operations with the same site restriction and similar mitigating measures and bond requirements. Plaintiff never signed the 1984 plan or satisfied the conditions. He again did not appeal the decision. In 1985, plaintiff wrote a letter to the Forest Service informing them that he intended to begin mining operations and that he did not believe he needed an operating plan.

Plaintiff also filed a notice of intent to conduct operations on another of his sites in 1985; refused to file a plan of operations; refused to vacate a Forest Service cabin in which he had taken up residence; and fired a shot when Forest Service employees approached the cabin. In connection with this dispute, plaintiff filed a civil rights action claiming, as he claims in the present appeal, that the Forest Service lacked authority to regulate his mining activities. The district court held that the Forest Service could legally regulate plaintiff's mining operations and could require a valid operating plan for mining operations on National Forest land (II R. at 338–39), and the Tenth Circuit affirmed (*id.* at 343–45).

In 1990, the District Ranger wrote to plaintiff informing him that he was required to have an approved plan of operations, that plaintiff's acts of residing

on the claim and storing equipment that was not actively used for milling operations were not approved, and that plaintiff was not conducting the milling operations he described. Plaintiff responded by informing the District Ranger that the 1983 plan had been negotiated with a predecessor and that he considered the 1983 plan binding on the Forest Service. Plaintiff also attempted to appeal the District Ranger's 1990 letter. The San Juan Forest Supervisor ruled that the decision that plaintiff needed an operating plan had been made in 1982 and was reaffirmed in 1983; that the decision that the proposed plan was not approvable absent certain conditions was also made in 1983; and that plaintiff was in noncompliance with the regulatory requirements of 36 C.F.R. § 228.4. In a further appeal, the Regional Forester ruled that the August 1990 letter contained no appealable decisions and that plaintiff's right to appeal the 1983 decisions had been extinguished by his failure to do so in 1983. Plaintiff did not seek judicial review of this decision.

In 1996 and 1997 the Forest Service sent several letters attempting to get plaintiff to comply with the regulations. Plaintiff's responses continued to claim that he did not need an operating plan. Plaintiff attempted to appeal these letters to higher administrative levels within the Forest Service, but was told that the issue of plaintiff's exemption from the operating plan requirement had been

-4-

decided in 1983 and that the letters appealed from merely reaffirmed this decision, and thus were not appealable. (I R. Doc. 1 Exs. 12 & 13.)

On November 19, 1997, the Forest Service sent plaintiff a letter demanding that he remove his equipment and materials from the Graves Millsite because he was using and occupying the millsite without an approved operating plan. (*Id*. Ex. 15.) The letter informed plaintiff that failure to remove his equipment or obtain an approved operating plan would place him in violation of 36 C.F.R. § 261.10, and that if he could not remove his materials by December 12, 1997, he should contact the District Ranger. (I R. Doc. 1 Ex. 15.)

On December 8, 1997, plaintiff filed a complaint in the federal district court challenging this November 1997 letter. Plaintiff alleged that defendants were unlawfully denying him use of his mining claims; that they failed to review fairly his claim that he was exempt from the operating plan requirement; that they erred in finding his mining activities were likely to cause significant surface disturbance; that they arbitrarily rejected his proposed operating plan; that they arbitrarily and capriciously treated him differently than another millsite owner; that their actions were punitive in nature based on their personal vendetta against him; that their regulations exceeded their authority because they were contrary to statutes protecting mining rights; and that they could not require him to file an operating plan because the form provided to him did not have an "OMB" number.

He sought a temporary injunction staying the removal requirement until after the district court's determination of the merits, a permanent injunction against requiring him to file an operating plan regarding both the Graves Millsite and his Cunningham Tunnel claim, relief under the APA and the Paperwork Reduction Act, and compensatory damages. The Forest Service entered into a stipulation stating plaintiff did not need to remove his equipment until sixty days after the district court entered a final judgment.

The district court affirmed the Forest Service's decision on January 19, 2000, holding that the Forest Service's decision was not arbitrary, capricious, an abuse of discretion or otherwise in violation of law. In so ruling, it noted that the Forest Service had conducted an environmental assessment, and had issued plaintiff two provisional plans of operation, with which he refused to comply; that the administrative record was over 700 pages long; and that plaintiff did not present evidence supporting his assertion that the Forest Service was acting in bad faith. The court held that plaintiff's claim that the Forest Service regulations were invalid was barred on the basis of issue preclusion because the federal district court had specifically held in plaintiff's civil rights action against the Forest Service that the regulations in question were valid. The court also rejected plaintiff's numerous arguments that the Forest Service's actions did not comply with the applicable regulations, and denied plaintiff's motion for a stay pending

appeal. Plaintiff filed a notice of appeal and sought a stay from this court, which was denied on June 26, 2000.

## II. Standing to Challenge November 19, 1997 Letter

On appeal, defendants argue that plaintiff lacks standing to challenge the November 1997 letter because it is not a "final agency action," as required by the APA, and that, therefore, the case must be dismissed for lack of jurisdiction. Although defendants did not raise this issue to the district court, the finality of an agency action is jurisdictional, *see Chem. Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1494 (10th Cir. 1997), and thus may be raised at any time, *see Baca v. King*, 92 F.3d 1031, 1034–35 (10th Cir. 1996).

Because the relevant statutes under which the Forest Service operates, the Forest Service Organic Administration Act of 1905 and the National Forest Management Act of 1976, do not provide for judicial review of Forest Service decisions, the general review provisions of the APA apply by default. *See Utah v. Babbitt*, 137 F.3d 1193, 1203 (10th Cir. 1998). Review under the APA is limited to final agency actions. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review

provisions of the APA, the 'agency action' in question must be 'final agency action.'"). Plaintiff has the burden of identifying specific conduct and explaining how it is "final agency action." *Colo. Farm Bureau Fed'n v. United States Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000).

The APA defines "agency action" as an "agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Such action is "final" if its impact is "direct and immediate," *Franklin v. Massachusetts*, 505 U.S. 788, 796–97 (1992); it "mark[s] the consummation of the agency's decisionmaking process," *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997); and it is one by which "rights or obligations have been determined, or from which legal consequences will flow," *id.* at 178.

Plaintiff has failed to meet his burden of identifying a final agency action for review. The November 19, 1997 letter is not a rule, order, license, sanction, grant or denial of relief, or a failure to act. Further, the letter, which merely informs plaintiff that the failure "to remove [his] equipment and materials from the Graves Millsite, or to obtain a Forest Service approved operating plan will place [him] in violation of 36 C.F.R § 261.10(a)" (I R. Doc. 1 Ex. 15), neither marks the consummation of the agency's decisionmaking process nor determines his legal rights such that legal consequences will flow therefrom.

The November letter does not decide that plaintiff must file an operating plan or that he currently does not have an approved plan in place. These decisions were made long ago, and the Forest Service's demand that plaintiff remove his equipment and structures merely implemented the decisions. *See Chem. Weapons Working Group, Inc.*, 111 F.3d at 1494 (holding agency's implementation of a final disposition that had been made years earlier was not a reviewable final agency action); *Mont. Snowmobile Ass'n v. Wildes*, 103 F. Supp. 2d 1239, 1242 (D. Mont. 2000) (same). Further, contrary to plaintiff's argument, the November 19, 1997, letter did not determine the validity of his millsite claim. Because the November letter was not a final decision, plaintiff lacked standing under the APA to bring his challenges to that letter. Therefore, the district court lacked jurisdiction to address the merits of his claims, and its judgment on those claims must be vacated.

### III. Appealability of 1983 Decision

The decision conditioning approval of plaintiff's plan of operations on compliance with certain mitigating measures, which included the decision that he was required to file a plan of operations, was made in 1983. Although this 1983 decision was a final agency action which could have been judicially reviewed, plaintiff neither exhausted his administrative remedies nor filed a petition for review with the federal court. The 1983 decision is now unreviewable, as the

statute of limitations period for challenging the agency's decision is six years, which expired in 1989. *See* 28 U.S.C. § 2401(a); *Chem. Weapons Working Group, Inc.*, 111 F.3d at 1494–95.

This statute of limitations, upon which the government's waiver of sovereign immunity is conditioned, is jurisdictional. *See Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992) (construing § 2401(b)). Because the district court lacked subject matter jurisdiction to address plaintiff's challenges to the requirement that he file a plan of operations and the conditional approval of his 1983 plan of operations, these claims should have been dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* Therefore, the portions of the district court's judgment regarding these claims must be vacated.

## IV. Personal Vendetta

Plaintiff's complaint alleged that the Forest Service's acts over the preceding twenty years have been taken as part of a personal vendetta against him. In light of plaintiff's request for damages, we conclude this claim should have been construed as an attempt to plead a due process violation under *Bivens*, 403 U.S. at 396–97 (recognizing existence of federal cause of action for damages where a federal agent acting under color of federal authority violates a cognizable constitutional right). The district court rejected this claim because plaintiff's conclusory allegations of bad faith were unsupported.

-10-

In contrast to the claims discussed above, plaintiff's constitutional claim was within the district court's jurisdiction. Although we affirm the district court's dismissal of the claim, we do so on the ground that plaintiff's allegations fail to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1289–90 (10th Cir. 2001) (noting that court can affirm dismissal on ground other than that relied upon by district court if record supports conclusion of law). Plaintiff's claim against the Forest Service was precluded because *Bivens* does not provide a remedy against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994). His claim against the individual Forest Service employees did not state a claim because his conclusory allegations did not demonstrate that the employees acted out of personal hostility toward plaintiff.

The district court's judgment is **AFFIRMED** in part, **VACATED** in part, and remanded to the district court with directions to dismiss the vacated claims for lack of jurisdiction.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-11-