**F I L E D**
**Tenth Circuit**

PUBLISH

**April 3, 2006**

UNITED STATES COURT OF APPEALS

TENREENTH CIRCUIT

_____

STATE OF WYOMING and WYOMING
WOOL GROWERS, WYOMING STOCK
GROWERS ASSOCIATION; WYOMING
FARM BUREAU FEDERATION;
WYOMING ASSOCIATION OF
CONSERVATION DISTRICTS; ROCKY
MOUNTAIN FARMERS UNION;
WYOMING COUNTY COMMISSIONERS
ASSOCIATION; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
CAMPBELL; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
SUBLETTE; BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
WASHAKIE; WYOMING ASSOCIATION
OF COUNTY PREDATORY ANIMAL
BOARDS; FREMONT COUNTY
PREDATORY ANIMAL BOARD; TETON
COUNTY PREDATORY ANIMAL
BOARD; CONVERSE COUNTY
PREDATORY ANIMAL BOARD;
WYOMING OUTFITTERS AND GUIDES
ASSOCIATION; GREEN RIVER VALLEY
CATTLEMEN'S ASSOCIATION; UPPER
GREEN RIVER CATTLE ASSOCIATION;
WYOMING BUSINESS ALLIANCE;
CODY COUNTY OUTFITTERS AND
GUIDES ASSOCIATION; FOUNDATION
FOR NORTH AMERICAN WILD SHEEP;
JACKSON HOLE OUTFITTERS AND
GUIDES; ROCK SPRINGS DISTRICT 4
GRAZING BOARD; SPORTSMEN FOR
FISH & WILDLIFE, WYOMING;
SPORTSMEN FOR FISH & WILDLIFE,

Nos. 05-8026, 05-8027, 05-8035

PARK COUNTY; SPORTSMEN FOR FISH
& WILDLIFE, TETON COUNTY;
SPORTSMEN FOR FISH & WILDLIFE,
LINCOLN COUNTY; SPORTSMEN FOR
FISH & WILDLIFE, UTAH,

        Plaintiffs - Appellants,

  and

TIMOTHY J. MORRISON; MARIE A.
FONTAINE; TIM A. FRENCH, in their
official capacity as the Board of County
Commissioners of Park County, State of
Wyoming,

        Plaintiffs - Intervenors -
        Appellants,

  v.

UNITED STATES DEPARTMENT OF
INTERIOR; UNITED STATES FISH AND
WILDLIFE SERVICE; GALE NORTON, in
her capacity as the Secretary of the United
States Department of Interior; STEVEN A.
WILLIAMS, in his official capacity as the
Director of the United States Fish &
Wildlife Service;

        Defendants - Appellees,

GREATER YELLOWSTONE COALITION;
NATIONAL WILDLIFE FEDERATION;
JACKSON HOLE CONSERVATION
ALLIANCE; PREDATOR
CONSERVATION ALLIANCE;
WYOMING OUTDOOR COUNCIL;

-2-

SIERRA CLUB; NATURAL RESOURCES
DEFENSE COUNCIL,

        Defendants - Intervenors -
        Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D. Ct. No. 04-CV-0123-J)**

---

Jay Arthur Jerde, Deputy Attorney General (Patrick J. Crank, Attorney General, with him on the briefs), Office of the Attorney General for the State of Wyoming, appearing for Appellant State of Wyoming.

Harriett M. Hageman (Kara Brighton, with her on the briefs), Hageman & Brighton, P.C., Cheyenne, Wyoming, appearing for Appellant Wyoming Wool Growers, et al.

Bryan A. Skoric, Park County Attorney, James Fred Davis, Deputy Park County Attorney, Cody, Wyoming, on the briefs for Plaintiff-Intervenor-Appellant Park County.

David C. Shilton, Attorney, United States Department of Justice (Kelly A. Johnson, Acting Assistant Attorney General, Environmental and Natural Resources Division; Kristen L. Gustafson, Jimmy A. Rodriguez, and M. Alice Thurston, Attorneys, United States Department of Justice; and David Gayer and Margot Zallen, Office of the Solicitor, United States Department of Justice, with him on the brief), appearing for the Federal Appellees.

Douglas L. Honnold, Abigail Dillen, and Timothy J. Preso, EARTHJUSTICE, Bozeman, Montana, on the briefs for Intervenor-Appellees Sierra Club and Natural Resources Defense Council.

Jack R. Tuholske, Tuholske Law Office, P.C., Missoula, Montana, and Thomas M. France, Montana Wildlife Federation, Missoula, Montana, on the briefs for Defendants-Intervenors Greater Yellowstone Coalition, National Wildlife Federation, and Predator Conservation Alliance.

Before **TACHA**, Chief Circuit Judge, **EBEL**, Circuit Judge, and **CASSELL**, District Judge.[†]

PER CURIAM.

The State of Wyoming filed this suit in the District of Wyoming against Gale A. Norton in her official capacity as the Secretary of the United States Department of the Interior ("DOI")[1] and Steven A. Williams in his official capacity as the Director of the United States Fish and Wildlife Service ("FWS").[2] The District Court consolidated this case with a similar suit brought against the DOI and the FWS by a group of organizations known collectively as the Wolf Coalition. The District Court also granted several motions to intervene submitted by parties on both sides of this matter. The facts of this case are fully set forth in the District Court's opinion. *See Wyoming v. U.S. Dept. of Interior,* 360 F. Supp. 2d 1214, 1245 (D. Wyo. 2005).

The Plaintiffs alleged various constitutional claims under Article IV's

---

[†]The Honorable Paul G. Cassell, District Judge of the United States District Court for the District of Utah, sitting by designation.

[1]Secretary Norton resigned from the DOI in March 2006. President Bush recently nominated Governor Dirk Kempthorne to succeed her as Secretary. His nomination is currently awaiting confirmation in the Senate.

[2]Director Steven A. Williams resigned from the FWS in March 2005 and was replaced by H. Dale Hall in October 2005.

-4-

Guarantee Clause and the Tenth Amendment, as well as violations of the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, in connection with the DOI's and the FWS's alleged failure to manage and control the gray wolf population in Wyoming and their failure to initiate delisting of the gray wolf as an endangered species. After reviewing the briefs and the administrative record, and after hearing oral argument, the District Court issued a thorough Memorandum Opinion and Order denying relief on all causes of action and dismissing the case. *Wyoming*, 360 F. Supp. 2d at 1245.

With respect to the statutory claims, the District Court concluded that the Plaintiffs neither identified a "final agency action" nor demonstrated that the Defendants "unlawfully withheld or unreasonably delayed" statutorily required action necessary for judicial review under the APA. *See Wyoming*, 360 F. Supp. 2d at 1231–34, 1236 (citing *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171 (10th Cir.2000) and *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55 (2004)). Accordingly, the District Court dismissed the statutory causes of action. With respect to the Plaintiffs' constitutional claims, the District Court concluded that the Defendants' actions "are consistent with the powers delegated to them by Congress through the ESA via the Commerce Clause, and these actions

-5-

do not invade any province of Wyoming's state sovereignty reserved by the Tenth Amendment." *Id.* at 1244. Accordingly, the District Court denied relief on these claims.

We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM the judgment of the District Court for substantially the same reasons given in its opinion. *See Wyoming*, 360 F. Supp. 2d at 1214–36, 1238–45. Because we hold, however, that the Plaintiffs have failed to identify a final agency action which is necessary to satisfy the statutory standing requirements under the APA, *see Utah v. Babbit*, 137 F.3d 1193, 1203 (10th Cir. 1998) (stating that without agency action plaintiffs have no standing to sue under the APA), unlike the District Court, we express no opinion on the merits of the Plaintiffs' ESA and NEPA claims, *see Wyoming*, 360 F. Supp. 2d at 1236–38 (holding in the alternative that Plaintiffs' NEPA claim fails on the merits). Finally, we DENY all outstanding motions.