**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTHA DONELSON, JOHN FRIEND,
on behalf of themselves and on behalf of
all similarly situated persons,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,
Through the Department of the Interior and
its Agency, the Bureau of Indian Affairs;
DEVON ENERGY PRODUCTION
COMPANY, L.P.; CHAPARRAL
ENERGY, LLC; SPYGLASS ENERGY
GROUP, LLC; ENCANA OIL & GAS
(USA), INC.; PERFORMANCE ENERGY
RESOURCES, LLC; CEJA
CORPORATION; CEP MID-
CONTINENT, LLC; LINN ENERGY
HOLDINGS, LLC; SULLIVAN &
COMPANY, LLC; REVARD OIL & GAS
PROPERTIES, INC.; BLACK LAVA
RESOURCES, LLC; B & G OIL
COMPANY; ORION EXPLORATION,
LLC; NADEL AND GUSSMAN, LLC;
SHORT OIL, LLC; RAM ENERGY
RESOURCES, INC.; MARCO OIL
COMPANY, LLC; BGI RESOURCES,
LLC; HALCON RESOURCES
CORPORATION; OSAGE ENERGY
RESOURCES, LLC; THE LINK OIL
COMPANY; TOOMEY OIL COMPANY,
INC.; KAISER-FRANCIS ANADARKO,
LLC; WELLCO ENERGY, INC.;
CARDINAL RIVER ENERGY I LP,
previously named as Cardinal River
Energy, LP; LAMAMCO DRILLING,
INC., previously named as Lamamco

No. 16-5174
(D.C. No. 4:14-CV-00316-JHP-FHM)
(N.D. Okla.)

Drilling, LLC and Lammamco Drilling,
LLC; HELMER OIL CORP, and all other
lessees and operators and operators who
have obtained a concession agreement,
lease or drilling permit approved by the
BIA in Osage County in violation of NEPA
previously named as Helmer Oil Corp.,

  Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

Martha Donelson and John Friend filed this putative class action against the

United States through the Department of the Interior ("DOI") and Bureau of Indian

Affairs ("BIA"), along with multiple oil and gas companies. They claim that

numerous regulatory approvals related to oil and gas operations in Osage County,

Oklahoma, were issued in violation of the National Environmental Policy Act

("NEPA"). The district court concluded that these claims advanced an impermissible

programmatic challenge and dismissed them. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm on different grounds. Because plaintiffs fail to adequately identify

the particular agency actions that aggrieve them and explain how they are final, the

suit was properly dismissed.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 1906, Congress allotted surface land of the Osage Reservation, located in Osage County, Oklahoma, to individual tribal members and severed the subsurface mineral estate from those tracts. See United States v. Osage Wind, LLC, 871 F.3d 1078, 1082 (10th Cir. 2017). The mineral estate was reserved for the benefit of the Osage Nation, with the United States acting as trustee. Id. Although the Osage Nation is empowered to issue oil and gas leases in the estate, those leases must be approved by the DOI. Id. Lessees obtain the right to use surface land necessary for their operations, subject to regulatory limits. See 25 C.F.R. §§ 226.18, .19. The Superintendent of the Osage Agency, part of the BIA, is charged with assessing the environmental impact of leasing activities prior to approving leases. § 226.2(c).

Plaintiffs allege that the BIA was ordered to produce an environmental assessment ("EA") for the Osage County oil and gas leasing program by a federal court in 1977. It issued that EA in 1979, but has not conducted any further analysis despite significant changes in oil and gas technology. Nor has the BIA required lessees to submit EAs for their activities. The agency has also entered into concession agreements with certain operators, permitting those companies to conduct oil and gas mining activities over large areas, without preparing EAs or requiring the operators to do so. According to the operative complaint, Osage County has approximately 19,500 active wells. The BIA processes approximately 350 applications for permit to drill ("APDs") per year.

3

Donelson initially filed this suit against Devon Energy Production Company and the United States. A First Amended Complaint added Friend as a plaintiff. Donelson is the owner of surface land near Burbank, Oklahoma, subject to various oil and gas leases approved by the BIA. Friend owns surface land near Hominy, Oklahoma, also subject to oil and gas operations approved by the BIA. They seek to represent a class of surface owners and surface lessees of land in Osage County "whose property is subject to an oil and gas mining lease, concession agreement or drilling permit and upon which Defendants and Putative Defense Class Members have either commenced, threatened to commence or have completed drilling and completion operations," excluding landowners who are themselves engaged in oil and gas activities.

The First Amended Complaint names twenty-seven additional defendants— companies engaged in oil and gas activities in Osage County—along with all other lessees and operators "who have obtained a concession agreement, lease or drilling permit approved by the BIA in Osage County in violation of NEPA." Plaintiffs seek a declaration that "certain concession agreements, oil and gas mining leases and drilling permits approved by the Osage Agency of the BIA are void because the Osage Agency has wholly failed to satisfy (or even undertake) . . . site-specific NEPA analysis requirements." They request injunctive relief and damages on the theory that oil and gas companies operating under these void approvals and agreements are committing trespass-related torts.

4

Defendants moved to dismiss on several grounds. While those motions were pending, plaintiffs sought leave to conduct discovery relating to class certification. The Osage Minerals Council moved to intervene for the limited purpose of moving to dismiss. A magistrate judge denied the motion for leave to conduct discovery without prejudice to re-filing after the motions to dismiss were resolved. The district court then dismissed the action. It concluded that jurisdiction was lacking under the Administrative Procedure Act ("APA") because plaintiffs advanced a programmatic challenge. Because plaintiffs' claims against the oil and gas companies rest on the success of their NEPA claims, the district court dismissed them as well, declining to exercise supplemental jurisdiction over the state claims. It denied the Osage Minerals Council's motion to intervene as moot. After the court entered judgment, plaintiffs filed a motion under Fed. R. Civ. P. 59(e) and 60(b), arguing that the court had misapprehended their claims. They also submitted a motion to file a Second Amended Complaint. The district court denied both motions in minute orders. Plaintiffs timely appealed.

## II

We review a district court's determination as to its subject matter jurisdiction de novo. Plaza Speedway, Inc. v. United States, 311 F.3d 1262, 1266 (10th Cir. 2002). The district court concluded that plaintiffs presented an impermissible programmatic challenge, relying on Lujan v. National Wildlife Federation, 497 U.S. 871, 890-92 (1990). We agree with the district court that it lacked jurisdiction, although on somewhat different grounds.

5

The APA permits challenges to agency action only by individuals "adversely affected or aggrieved" by that action. § 702. This provision parallels the Article III standing requirement that a plaintiff must "have suffered an injury in fact." Air Courier Conference of Am. v. Am. Postal Workers Union AFL-CIO, 498 U.S. 517, 523 (1991) (quotation omitted).[1] In addition to injury in fact, plaintiffs must allege "a causal connection between the injury and the conduct complained of" and that it is likely "that the injury will be redressed by the trial court's favorable decision." Colo. Envtl. Coal. v. Wenker, 353 F.3d 1221, 1234 (10th Cir. 2004) (quotation omitted).

Plaintiffs do not claim that they were personally injured by all of the approvals issued across Osage County challenged in the complaint. Instead, plaintiffs contend that absent putative class members have been affected by those other agency actions. But even in class actions, named plaintiffs must possess standing. See Warth v. Seldin, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."). And "a plaintiff must demonstrate standing for each claim he seeks to press." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). Applying these rules together, a named plaintiff must possess standing as to each individual claim asserted in a complaint. See Griffin v. Dugger, 823 F.2d 1476, 1483 (11th Cir. 1987) (holding

---

[1] Section 702 also contains a prudential standing element, requiring that the injury alleged fall "arguably within the zone of interests to be protected or regulated by the statutes that the agencies were claimed to have violated." Sierra Club v. Morton, 405 U.S. 727, 733 (1972). This prudential requirement is not at issue here.

6

that "each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim"); see also Rector v. City & Cty. of Denver, 348 F.3d 935, 937 (10th Cir. 2003) (concluding named plaintiffs lacked standing to advance certain claims, but assessing merits of other claims for which they possessed standing); Price v. Medicaid Dir., 838 F.3d 739, 746 (6th Cir. 2016) (same).

We have cautioned against conflating the independent doctrines of standing and adequacy of a class representative. See Colo. Cross Disability Coal. v. Abercrombie & Fitch Co., 765 F.3d 1205, 1213 (10th Cir. 2014) ("Although the concepts of standing and adequacy of status to maintain a class action appear related, they are independent criteria and must be evaluated separately."). Thus, for example, in assessing whether an injunction might apply to multiple locations of a single company, we do not require a named plaintiff to prove standing as to each location. Id. Instead, the scope of relief for that single claim would turn on the application of Fed. R. Civ. P. 23. Colo. Cross Disability Coal., 765 F.3d at 1213.

In this case, however, we conclude that the question presented is properly characterized as one of standing. As we have previously explained, "[p]laintiffs have the burden of identifying specific federal conduct and explaining how it is final agency action." Colo. Farm Bureau Fed'n v. U.S. Forest Serv., 220 F.3d 1171, 1173 (10th Cir. 2000) (quotation omitted). This requirement focuses litigation on the specific "agency action" by which a plaintiff claims to be "adversely affected or aggrieved." § 702. Each specific final agency action should be treated as giving rise

7

to an independent claim, and thus named plaintiffs must allege that each challenged action has caused some injury to them. As the Supreme Court has held, in a somewhat different context, a litigant cannot "by virtue of his standing to challenge one government action, challenge other governmental actions that did not injure him." DaimlerChrysler Corp., 547 U.S. at 353 n.5. To the contrary, "[i]f the right to complain of <u>one</u> administrative deficiency automatically conferred the right to complain of <u>all</u> administrative deficiencies, any citizen aggrieved in one respect could bring the whole structure of state administration before the courts for review." Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996). "[S]tanding is not dispensed in gross," <u>id.</u>, a proposition "no less true with respect to class actions than with respect to other suits," <u>id.</u> at 357.

Named plaintiffs have alleged that their properties were affected by some oil and gas activities. However, their allegations with respect to their particular properties are insufficient. As noted above, plaintiffs must "identify[] specific federal conduct and explain[] how it is final agency action." Colo. Farm Bureau Fed'n, 220 F.3d at 1173 (quotation omitted). Federal courts "have jurisdiction to review only final agency actions." McKeen v. U.S. Forest Serv., 615 F.3d 1244, 1253 (10th Cir. 2010) (quotation omitted). Plaintiffs "bear the burden of alleging the facts essential to show jurisdiction . . . [m]ere conclusory allegations of jurisdiction are not enough." U.S. ex rel. Hafter D.O.v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999) (quotation omitted).

The First Amended Complaint alleges that Donelson owns property "located near Burbank, Osage County, Oklahoma" that "is the subject of various BIA oil and gas mining leases approved by the BIA." It similarly states that Friend owns land "near Hominy, Oklahoma" that "is the subject of various BIA oil and gas mining leases approved by the BIA." Although the issuance of a lease generally qualifies as a final agency action, see S. Utah Wilderness Alliance v. Palma, 707 F.3d 1143, 1159 (10th Cir. 2013), plaintiffs have failed to specify with any degree of clarity which agency actions they are seeking to challenge. A district court presented with such vague statements cannot determine its jurisdiction.

We conclude that the named plaintiffs lack standing to pursue most of their claims, and that they failed to identify any specific final agency action as to claims for which they might possess standing. Accordingly we affirm the district court's dismissal for lack of jurisdiction.

### III

In addition to the primary issue on appeal, plaintiffs raise a number of subsidiary arguments. First, they contend that the district court erred in denying them leave to amend the complaint. We review a district court's denial of leave to amend for abuse of discretion. The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1086-87 (10th Cir. 2005). Plaintiffs first moved to amend their complaint after judgment was entered.[2] And "once judgment is entered, the filing of an amended

---

[2] Plaintiffs included a single sentence in each of their responses to the motions to dismiss requesting leave to amend if the court ruled against them. Such a request

9

complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." The Tool Box, Inc., 419 F.3d at 1087. Accordingly, the district court permissibly denied leave to amend.

Plaintiffs also seek to challenge the magistrate judge's order delaying discovery pending resolution of the dispositive motions. However, "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988). Having affirmed the district court's jurisdictional ruling, we have no basis to reverse its discovery ruling.

Finally, we conclude that the district court properly declined to exercise supplemental jurisdiction over the state claims asserted against the oil and gas companies. Tonkovich v. Kan. Bd. of Regents, 254 F.3d 941, 945 (10th Cir. 2001). Such dismissals are without prejudice. See VR Acquisitions, LLC v. Wasatch Cty., 853 F.3d 1142, 1150 (10th Cir. 2017).[3]

---

is insufficient. See Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1187 (10th Cir. 1999).

[3] This appeal was abated as to Linn Energy, LLC ("Linn") due to an automatic bankruptcy stay. The bankruptcy court has now confirmed Linn's Chapter 11 Plan of Reorganization. Because Linn's plan is now confirmed, the automatic bankruptcy stay is no longer in effect, and we lift the abatement. See 11 U.S.C. § 362(c)(2). Linn contends that its confirmed plan enjoins plaintiffs from continuing or proceeding with the claims against it. Given that we affirm the dismissal of this action, we decline to address the scope of the discharge injunction for the sake of judicial economy.

10

## IV

For the foregoing reasons, we **AFFIRM**.

Entered for the Court


Carlos F. Lucero
Circuit Judge