Brian C. HOWARD, M.D.; Suzanne Howard, Plaintiffs–Appellants,

v.

ZIMMER, INC., Defendant–Appellee,

and

Sulzer Orthopedics, Inc.; Sulzer Medica USA Holding Co.; Sulzer Medica USA, Inc., Defendants.

No. 11–5109.

United States Court of Appeals, Tenth Circuit.

July 3, 2012.

Matthew Benjamin Free (Timothy G. Best with him on the briefs), Best & Sharp, Tulsa, Oklahoma, for the Plaintiffs–Appellants.

William F. Northrip (David W. Brooks with him on the briefs), Shook Hardy & Bacon, LLP, Kansas City, Missouri, for the Defendant–Appellee.

Before LUCERO, McKAY, and GORSUCH, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

CARLOS F. LUCERO, Circuit Judge.

This appeal presents a novel issue of Oklahoma law: Does Oklahoma recognize a claim for negligence per se founded on an alleged violation of a federal regulation promulgated under the Medical Device Amendments ("MDA") to the Food, Drug, and Cosmetic Act ("FDCA")? Although this case has involved numerous issues in several federal courts, this state-law question is the only one remaining. Because Oklahoma law is not settled on this point, we respectfully certify the question to the Oklahoma Supreme Court.

### I

Dr. Brian Howard was the recipient of a knee implant manufactured by Sulzer Orthopedics, Inc. ("Sulzer").[1] The implant

---

1. The parties agree that Zimmer, Inc., is now the proper defendant in the case. Nevertheless, for clarity's sake we refer to the manufacturer as "Sulzer" because that name has been used throughout this litigation.

failed to bond to Howard's bone and, as a result, it had to be removed. According to Howard, the implant's failure was due to an oily residue left on the implant as a result of Sulzer's negligent manufacturing process.

This litigation began in 2002 in the Northern District of Oklahoma, where Dr. Howard and his wife filed suit alleging various claims. Because the Howards' complaint was one of many asserting the failure of Sulzer implants, the Judicial Panel on Multidistrict Litigation consolidated the cases in the Northern District of Ohio. In a series of rulings, the Ohio district court granted summary judgment to Sulzer on all of the Howards' claims, holding that each was expressly preempted by the MDA.

■ Under the MDA, no state may impose requirements on medical devices that are "different from, or in addition to" those imposed by the FDCA. 21 U.S.C. § 360k(a). The Supreme Court has interpreted that section to apply to state tort suits. *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 323–24, 128 S.Ct. 999, 169 L.Ed.2d 892 (2008). Thus, if a plaintiff's theory of liability is premised on a manufacturer's act or omission that is not required by the statute, the claim is expressly preempted.

The Howards appealed the dismissal of their negligence per se claim to the Sixth Circuit. With respect to that claim, the Howards argued that the applicable standard of care was defined by a "Good Management Practice" ("GMP") regulation promulgated by the Food and Drug Administration ("FDA"). Specifically, the Howards rest on the following GMP:

> Where a manufacturing material could reasonably be expected to have an adverse effect on product quality, the man-

ufacturer shall establish and maintain procedures for the use and removal of such manufacturing material to ensure that it is removed or limited to an amount that does not adversely affect the device's quality. The removal or reduction of such manufacturing material shall be documented.

21 C.F.R. § 820.70(h). The Howards' theory is that this regulation required Sulzer to remove all manufacturing oil from the knee implant, and that Sulzer's failure to do so constituted negligence per se.

■ Before the Sixth Circuit, Sulzer pressed a series of arguments to support the district court's judgment.[2] It first argued that the GMP did not apply. In the alternative, Sulzer contended that the GMP only required that a process be in place to remove oil, not that Sulzer actually remove all oil on the implant. Relatedly, Sulzer claimed that if the GMP did not require actual removal of oil, a negligence per se claim based on failure to remove the oil would impose a requirement in addition to those stated by the FDCA, and would thus be expressly preempted.

In a separate section of their brief, Sulzer also argued that the negligence per se claim was impliedly preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001). The *Buckman* Court considered a claim that a manufacturing consultant fraudulently misled the FDA during the medical device approval process. Noting that the federal statutory scheme reserves exclusive enforcement power for the FDA and explicitly disallows private rights of action, the Court held that a fraud-on-the-FDA claim was impliedly preempted by the FDCA. *Id.* at 352,

---

**2.** The parties have failed to make their Sixth Circuit briefing part of the record on appeal. Despite this oversight, we are empowered to take judicial notice of the Sixth Circuit briefs

as public records. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010).

121 S.Ct. 1012 (citing 21 U.S.C. § 337(a)). Drawing on language from *Buckman*, Sulzer argued that any claim that relied exclusively on a violation of the FDCA or MDA to establish the breach of a duty of care was impliedly preempted. The Howards countered that Sulzer's reading of *Buckman* was overbroad, suggesting instead that *Buckman* is limited to fraud-on-the-FDA claims.

Faced with Sulzer's two separate preemption arguments—express and implied—the Sixth Circuit held that the Howards' "negligence per se claim for GMP violations is not preempted." *Howard v. Sulzer Orthopedics, Inc.*, 382 Fed. Appx. 436, 442 (6th Cir.2010) (unpublished). The Sixth Circuit's preemption analysis, however, focused exclusively on express preemption: The court interpreted the GMP at issue to require actual oil removal and thus concluded that Howards' claim for negligence per se did not impose any additional requirements beyond the FDCA. *Id.* at 439–41. The opinion does not cite *Buckman*, however, nor does it discuss implied preemption. In a petition for rehearing, Sulzer further pressed its *Buckman* point, arguing that "[t]he [p]anel's decision conflicts with *Buckman* ... because it holds that a negligence per se claim based on an allegation that Sulzer failed to comply [with] FDA [r]egulations is not preempted." The Sixth Circuit declined to rehear the case.

On remand from the Sixth Circuit, the Howards' action was transferred back to the Northern District of Oklahoma. Sulzer filed a renewed motion for summary judgment, requiring the district court to consider briefing on an issue that the Sixth Circuit had explicitly declined to consider: whether the remaining, non-preempted claim for negligence per se was cognizable under Oklahoma state law. Although it acknowledged the precise issue had not been decided by Oklahoma state courts, the district court predicted that such a cause of action would not be recognized and dismissed the Howards' sole remaining claim. The Howards now appeal that decision.

## II

■ Apart from simply urging affirmance of the district court's Oklahoma-law ruling, Sulzer asks us to revive the preemption issue in this case, on the theory that the Sixth Circuit did not decide the question of implied preemption under *Buckman*. We disagree and accordingly decline Sulzer's request.

■ The law of the case doctrine generally requires us to respect any decision of a sibling circuit issued at an earlier stage of the case. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995)(an appellate court's decision should be followed by "both the trial court on remand and the appellate court in any subsequent appeal"). The Sixth Circuit's omission of any discussion of *Buckman* certainly leaves doubt as to whether it actually decided the implied-preemption question. Nevertheless, that court's unqualified holding that the Howards' claim "is not preempted," *Howard*, 382 Fed. Appx. at 442, strongly suggests that the Sixth Circuit decided the implied-preemption issue, perhaps fittingly, by implication. *See Rohrbaugh*, 53 F.3d at 1183 (noting that the law of the case applies to "issues previously decided, either explicitly or by necessary implication" (quotation omitted)).

■ We will consider an issue implicitly decided when "resolution of the issue would abrogate the prior decision and so must have been considered in the prior appeal." *See Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9*, 10 F.3d 700, 707 (10th Cir.1993). If we were to hold

that the claim for negligence per se was impliedly preempted, we would certainly abrogate the Sixth Circuit's holding that the very same claim was "not preempted." *Howard*, 382 Fed.Appx. at 442. In light of the fact that the issue was thoroughly briefed to the Sixth Circuit, and that court declined to reconsider that question when urged by Sulzer's petition for rehearing, we conclude that the law of the case prevents us from reconsidering the implied-preemption question.[3]

## III

Having resolved that preemption analysis no longer has any place in this case, we turn to Oklahoma state law. Sulzer argues that the Howards' negligence per se claim is not cognizable under Oklahoma law for three reasons. However, after thorough examination, we conclude that Oklahoma law is ambiguous on each point.

■ Sulzer's first contention is that Oklahoma does not allow claims for negligence per se based on a regulation rather than a statute. Although many states have clearly taken this position, Oklahoma appears *not* to have done so. *Compare Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 697 N.E.2d 198, 203 (1998) (holding that "the violation of an administrative rule does not constitute negligence per se") *with Covel v. Rodriguez*, 272 P.3d 705, 714–16 (Okla.2012) (approving of jury instructions that allowed a finding of negligence per se based on violation of federal regulations but not analyzing the issue). The parties do not cite any Oklahoma state

court decisions that categorically bar a claim for negligence per se based on a regulation.

■ Second, Sulzer claims that Oklahoma will not allow a claim for negligence per se if the enactment that defines the duty of care lacks a private right of action.[4] It is clear that the existence of a private right of action (or lack thereof) is a factor in Oklahoma's analysis as to whether a claim for negligence per se will lie. *See Rosson v. Coburn*, 876 P.2d 731, 736 (Okla.Civ.App.1994). We are uncertain, however, whether the Oklahoma Supreme Court would unconditionally bar a claim for negligence per se based on enactments that lack private rights of action.

Finally, Sulzer claims that 21 C.F.R. § 820.70(h) is too ambiguous to support a claim for negligence per se. In *Athey v. Bingham*, 823 P.2d 347 (Okla.1991), the Oklahoma Supreme Court noted that an instruction on negligence per se may properly be denied if the statute at issue does "not impose any objective standards." *Id.* at 349 (quotation omitted). The case leaves unclear, however, what degree of ambiguity would doom a claim for negligence per se, and whether this particular regulation would survive that hurdle.

Thus, we are faced with an issue on which "there is no controlling decision of the [Oklahoma] Supreme Court" and which that court's answer "may be determinative" of the appeal. Okla. Stat. tit. 20, § 1602. "In furtherance of the interests of

---

3. We recognize that the law of the case doctrine and its related corollary, the mandate rule, are not jurisdictional and admit exceptions. *See Huffman v. Saul Holdings, Ltd. P'ship*, 262 F.3d 1128, 1132–33 (10th Cir. 2001). We conclude that none of the exceptions preclude adherence to the law of the case doctrine here.

4. Although the FDCA's prohibition on private rights of action also figures in the implied-preemption analysis under *Buckman, see* 531 U.S. at 352, 121 S.Ct. 1012, that issue of federal law does not bear directly on the state-law question of whether an enactment that disallows private enforcement can give rise to a claim for negligence per se.

comity and federalism that certification protects," *Garza v. Burnett*, 672 F.3d 1217, 1221–22 (10th Cir.2012) (quotation omitted), we conclude that certification to the Oklahoma Supreme Court is merited.

## IV

Accordingly, pursuant to 10th Cir. R. 27.1 and Okla. Stat. tit. 20, § 1602, we **CERTIFY** the following question to the Oklahoma Supreme Court:

> Does Oklahoma recognize a claim for negligence per se based on an alleged violation of 21 C.F.R. § 820.70(h), a federal regulation promulgated pursuant to the Medical Device Amendments to the Food, Drug, and Cosmetic Act, even though those enactments do not allow private rights of action?

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this court to the Oklahoma Supreme Court.

We sincerely appreciate the Oklahoma Supreme Court's consideration of this certification request. This appeal is **STAYED** pending resolution of the certified question.