FILED
United States Court of Appeals
Tenth Circuit

**May 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BRIAN C. HOWARD, M.D.; SUZANNE
HOWARD,

     Plaintiffs–Appellants,

v.

ZIMMER, INC.,

     Defendant–Appellee.

and

SULZER ORTHOPEDICS, INC.;
SULZER MEDICA USA HOLDING
CO.; SULZER MEDICA USA, INC.,

     Defendants.

No. 11-5109

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:02-CV-00564-CVE-FHM)**

_____

Matthew B. Free (Timothy G. Best with him on the briefs), Best & Sharp, Tulsa,
Oklahoma, for the Plaintiffs-Appellants.

William F. Northrip (David W. Brooks with him on the briefs), Shook, Hardy & Bacon,
LLP, Kansas City, Missouri, for the Defendants-Appellees.

_____

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

**LUCERO**, Circuit Judge.

This case is before us for further consideration following receipt from the Oklahoma Supreme Court of the answer to our question, which was certified to them on July 3, 2012.

After Dr. Brian Howard received a knee implant manufactured by Sulzer Orthopedics, Inc. ("Sulzer") that failed to bond properly, Howard and his wife filed suit against Sulzer alleging negligence per se. Howard v. Zimmer, 711 F.3d 1148, 1149-50 (10th Cir. 2012). Following the completion of earlier consolidated litigation, the district court dismissed the Howards' negligence per se claim, predicting that it would not be cognizable under Oklahoma state law. Id. at 1151. On July 3, 2012, we stayed the Howards' appeal pending resolution of a question of state law certified to the Oklahoma Supreme Court. Id. at 1153. That question has been answered, and we now reverse the district court's grant of summary judgment and remand for further proceedings.

The relevant factual background and procedural history of this case is thoroughly presented in our prior order, id. at 1150-51, and need not be repeated here. After we resolved the only other issue on appeal, concerning implied preemption, we certified to the Oklahoma Supreme Court the following question:

> Whether 21 U.S.C. § 337 of the Federal Food, Drug, and Cosmetic Act
> (FDCA), 21 U.S.C. § 301 et seq., providing that all violations of the Act

shall be prosecuted in the name of the United States, prohibits Oklahoma from recognizing a claim for negligence per se based on violation of a federal regulation under the Medical Device Amendments (MDA) to the FDCA?

Howard v. Zimmer, No. 110,857, 2013 WL 1130759, at *1 (Okla. Mar. 19, 2013) (footnotes omitted).

This question has now been answered in the negative by the Oklahoma Supreme Court.  It held that "Oklahoma law allows private individuals to maintain a parallel claim for negligence per se based on violation of a federal regulation whose enforcement lies with a governmental entity."  Id. at *2.  The court further concluded that "[t]he existence of a provision in federal law providing that all enforcement proceedings 'shall be by and in the name of the United States' does not prohibit a state law claim for negligence per se based on violation of the federal regulation."  Id. at *4.  Noting that Howard does not claim he should be entitled to bring a private action under the FDCA, but rather brings a state claim based on duties that "parallel, rather than add to, federal requirements," id. at *6, the court determined that Howard's negligence per se claim should be allowed to proceed, id. at *8.

In light of this conclusive determination of state law, the district court's dismissal of the Howards' negligence per se claim cannot stand.  We therefore **REVERSE** and **REMAND** the case to the district court for further proceedings consistent with this opinion.