**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARKOS N. PAPPAS,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 14-6197
(D.C. No. 5:12-CV-00753-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Markos Pappas, a federal prisoner proceeding pro se, appeals the district court's dismissal of his Federal Tort Claims Act ("FTCA") lawsuit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Pappas asserted two FTCA claims related to his incarceration at the Federal Correctional Institution in El Reno, Oklahoma. He alleged he suffered sleep deprivation, torture, and physical and emotional injuries when Bureau of Prisons ("BOP") employees negligently and wrongfully impounded his mattress and bedding for 30 days while he was in disciplinary segregation. The bedding was impounded from 7 a.m. to 7 p.m. as a disciplinary punishment, though Pappas says he was also denied a mattress on five nights. Additionally, he alleged BOP employees negligently and wrongfully deprived him of the minimum out-of-cell exercise required by federal regulations, resulting in physical and emotional injuries. He averred that he repeatedly told BOP officials that staff were falsely stating he had refused out-of-cell exercise, but they did not correct the problem.

The government moved to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). After considering a series of reports and recommendations by a magistrate judge, the district court granted the motion, ruling that it lacked subject matter jurisdiction because Pappas failed to state a cognizable FTCA claim. It rejected the government's argument that the discretionary function exception to FTCA liability barred Pappas' claims because it concluded that BOP employees had no discretion: they were required by federal regulations to furnish inmates with a mattress and bedding at all times, prohibited from segregating an inmate without bedding unless prescribed by a medical officer, and required to give inmates a minimum of five

hours of out-of-cell exercise each week.  See 28 C.F.R. § 541.21.[1]  But as to the remaining central issue, the district court ruled that Pappas failed to point to any analogous liability under Oklahoma tort law for a private individual under circumstances like those alleged in his complaint.  The district court also denied Pappas' Fed. R. Civ. P. 59(e) motion to alter or amend the judgment.

## II

The FTCA waives the United States' sovereign immunity for negligence by a federal employee, but only to the same extent that a private person would be liable under "the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The United States can be held liable only "in the same manner and to the same extent as a private individual under like circumstances."  § 2674.

On appeal, Pappas argues the district court:  (1) misapplied governing authority in ruling that he failed to demonstrate analogous tort liability under Oklahoma law; and (2) improperly dismissed his complaint without giving him an opportunity to amend.  Because Pappas proceeds pro se, we construe his filings liberally.  See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

---

[1] As in effect through July 19, 2011, the applicable regulations stated:  "Living conditions may not be modified for the purpose of reinforcing acceptable behavior," id. § 541.21(b); "[s]taff shall furnish a mattress and bedding," and "[a]n inmate may not be segregated without . . . mattress, blankets and pillow, except when prescribed by the medical officer for medical or psychiatric reasons," id. § 541.21(c)(3); and "[s]taff shall permit each segregated inmate no less than five hours exercise each week," id. § 541.21(c)(6).

**A**

To state a cognizable claim under § 1346(b), the FTCA's jurisdictional grant, a complaint must allege the elements of that provision, including, as relevant to the case at bar, that a private person would be liable to the plaintiff under the tort law of the state where the act or omission occurred. FDIC v. Meyer, 510 U.S. 471, 477 (1994) (listing the six elements necessary under § 1346(b)). A claim that fails to allege facts sufficient to meet this requirement must be dismissed for lack of subject matter jurisdiction. Dorking Genetics v. United States, 76 F.3d 1261, 1264 (2d Cir. 1996). We review de novo the district court's dismissal under Rule 12(b)(1) and (b)(6). Colo. Envtl. Coal. v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004).

Pappas argues that the district court's decision conflicts with a Supreme Court decision, United States v. Muniz, 374 U.S. 150 (1963). We disagree. In Muniz, the Court held that prisoners may sue the United States under the FTCA for injuries sustained in a federal prison caused by a federal employee's negligence, but only to the extent that a private individual under like circumstances would be liable under the applicable state law. Id. at 153 (citing § 2674). The Muniz decision includes a statement, on which Pappas focuses, that "the duty of care owed by the [BOP] to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state law." 347 U.S. at 164-65.

Section 4042 requires that the BOP "provide for the safekeeping, care, and subsistence" of persons in its custody. § 4042(a)(2). Pappas argues that, under

Muniz, the duty of care in § 4042 trumps any inconsistent Oklahoma duty of care. We need not address that question because the duty of care established by § 4042 does not appear inconsistent with Oklahoma law, which has noted the general rule that custodial personnel "must exercise reasonable care and diligence to protect those in [their] custody from known or reasonably perceivable dangers." Seiler v. City of Bethany, 746 P.2d 699, 700 (Okla. Ct. App. 1987) (citing Restatement (2d) of Torts, § 314A(4) (quotation omitted)).

The district court dismissed Pappas' complaint not because there is no Oklahoma duty to use reasonable care with persons in custody, but because Pappas did not demonstrate that conduct by a private person akin to that alleged in his complaint would constitute a violation of the duty of care under Oklahoma law. Pappas argues the district court failed to identify any Oklahoma state law that would bar his claim, but the court was under no obligation to do so. As the party averring jurisdiction, Pappas—the FTCA plaintiff—bears the burden of proof to establish that the court possesses subject-matter jurisdiction based upon analogous Oklahoma private liability. See Miller v. United States, 710 F.2d 656, 662 (10th Cir. 1983) (holding plaintiff bears the burden of proving the district court has subject matter jurisdiction to consider FTCA claim); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding the law presumes that a cause lies outside the limited jurisdiction of the federal courts and "the burden of establishing the contrary rests upon the party asserting jurisdiction").

-5-

Pappas asserts that the district court misapplied a Tenth Circuit decision, Howard v. Zimmer, Inc., 718 F.3d 1209 (10th Cir. 2013) ("Howard II"). Following the Oklahoma Supreme Court's answer to our certified question, this court held in Howard II that a private individual may maintain a claim for negligence per se in Oklahoma against a medical-device manufacturer based on a violation of a Federal Food, Drug, and Cosmetic Act regulation. 718 F.3d at 1210 (citing Howard v. Zimmer, Inc., 299 P.3d 463, 467 (Okla. 2013) ("Howard I")). In his reply brief, Pappas argues the violation of the governing BOP regulations was sufficient under Howard I to assert a "negligence per se" tort claim under Oklahoma law.

The district court rejected Pappas' reliance on Howard I because Pappas' claims were not analogous to the medical-device claims and federal regulations at issue in Howard I, nor did he demonstrate that a private person could maintain a negligence per se claim in Oklahoma based on any Oklahoma regulations analogous to § 541.21. This analysis is sound. It is axiomatic that "[t]he violation of a federal regulation in and of itself is not a basis for liability under the FTCA." Black Hills Aviation, Inc. v. United States, 34 F.3d 968, 973 n.2 (10th Cir. 1994). "Even if specific behavior is statutorily required of a federal employee, the government is not liable under the FTCA unless state law recognizes a comparable liability for private persons." Ayala v. United States, 49 F.3d 607, 610 (10th Cir. 1995). Unlike regulations applicable to medical devices, Bureau of Prisons regulations have no application outside of the Bureau of Prisons. Further, Howard I did not broadly hold,

-6-

as Pappas asserts, that all violations of a federal regulation are negligence per se in Oklahoma. Rather, Howard I stated Oklahoma "allows" such a claim; set forth what a plaintiff must show in order to claim that the violation of a particular regulation is negligence per se; and then applied this test to a negligence claim which asserted that an implant failed because the medical-device manufacturer left oily residue on the implant in violation of federal regulations. 299 P.3d at 467-73. The district court correctly concluded that Pappas failed to demonstrate that Oklahoma would impose negligence-per-se liability on a private individual under "like circumstances" to those described in Pappas' complaint, as is jurisdictionally required by § 1346(b) and § 2674. We conclude that the district court did not err in dismissing Pappas' FTCA claims.

**B**

In his Rule 59(e) motion, Pappas asked the district court to set aside the judgment so he could amend his complaint. Pappas repeatedly stated an intention to amend his complaint in his pre-judgment pleadings, yet failed to seek timely leave to amend before entry of judgment. After entry of judgment, Pappas could not file an amended complaint unless the judgment was set aside or vacated. See Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985) (per curiam) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."). The district court found no justification for a post-judgment amendment. We review that decision for

an abuse of discretion.  The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1086-87 (10th Cir. 2005).

We conclude that the district court did not abuse its discretion.  Pappas seeks an amendment to argue that the district court misapplied Oklahoma law and failed to identify any Oklahoma law that would bar his claims.  He also seeks to provide more detailed arguments about the BOP's duty of care under § 4042.  As explained above, all of these arguments are meritless.  Thus, the district court did not abuse its discretion in denying amendment on these grounds.  Pappas also argues he should be permitted to amend to assert the elements of an Oklahoma intentional-infliction-of-emotional-distress claim because his allegations, singly or in combination, might state such a claim under Oklahoma law.  The district court acted within its discretion to deny amendment because Pappas failed to identify how he would meet the pleading requirements for such a claim.

### III

We **AFFIRM** the district court's judgment, **GRANT** Pappas' motion to proceed in forma pauperis, and remind him of his obligation to continue making partial payments until the filing fee is paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge
