**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THE TOOL BOX, INC., a Utah
corporation,

        Plaintiff-Appellant,

  v.

OGDEN CITY CORPORATION, a
Utah municipal corporation,

        Defendant-Appellee.

No. 04-4173

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 1:00-CV-62-DB)**

---

Submitted on the briefs:

W. Andrew McCullough, McCullough & Associates, LLC, Orem, Utah, for
Plaintiff-Appellant.

Donald L. Dalton, Dalton & Kelley, Salt Lake City, Utah, for Defendant-
Appellee.

---

Before **EBEL, McCONNELL** , and **TYMKOVICH** , Circuit Judges.

---

**EBEL** , Circuit Judge.

---

Plaintiff, The Tool Box, Inc., brought a First Amendment civil rights complaint in 2000 against the Ogden City, Utah, Corporation after the City denied it a building permit for its proposed nude-dancing establishment. In 2004, this court, in an en banc decision, affirmed the district court's grant of summary judgment in favor of Ogden City. Tool Box then filed a postjudgment motion in the district court seeking to amend its 2000 complaint to add a new legal theory, followed by a motion to set aside the district court's 2001 judgment. The district court denied both motions, and Tool Box filed this appeal. We affirm. [1]

I.

The underlying facts of this litigation are fully described in our en banc opinion, *The Tool Box v. Ogden City Corp.*, 355 F.3d 1236, 1238-39 (10th Cir. 2004) (en banc), and we only set forth the information necessary to an understanding of the procedural questions at issue in this appeal. In 2000, Tool Box sought to open a nude-dancing club in an industrial park in Ogden City that was subject to certain protective covenants. Ogden City denied Tool Box's building permit, ruling the club would violate the protective covenants. Tool Box brought a 42 U.S.C. § 1983 civil rights complaint against the City, alleging the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

City had violated Tool Box's constitutionally protected freedom of expression. On June 26, 2001, the district court entered a final, appealable order granting Ogden City's motion for summary judgment. It ruled that the protective covenants satisfied the scrutiny given to content-neutral regulations under the four-part test articulated in *United States v. O'Brien*, 391 U.S. 367, 377 (1968). On appeal, a divided panel of this court reversed.

On rehearing en banc, this court affirmed the district court's grant of summary judgment, although on different legal grounds. The en banc court held that Tool Box had not challenged the covenants under *O'Brien*, and it had not pursued an "as-applied challenge" to the City's use of the protective covenants; that is, it had not challenged the City's specific decision to deny the building permit based on the protective covenants. *Tool Box*, 335 F.3d at 1240.

We held that the "sole claim" asserted by Tool Box was its facial challenge "contending the broad, vague language of the Protected Covenants conveyed unbridled discretion to the City, so that the Covenants constituted a prior restraint prohibited by the First Amendment. . . ." *Id*. at 1238, 1239; *see City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755 (1988) (holding that facial challenge may be asserted against standardless licensing schemes that give public official unbridled discretion to permit or deny expressive activity). We ruled that the protective covenants were not aimed at conduct commonly associated with

-3-

expression, and lacking such a nexus, did not pose a threat of censorship so as to constitute a prior restraint. *Id*. at 1242-43 (citing *Lakewood*, 486 U.S. at 759-61). Because Tool Box had not asserted an as-applied challenge, we noted that it could not claim, or present evidence in support of a claim, that the City had misused the protective covenants for the purpose of stifling Tool Box's constitutionally protected expressive conduct of nude dancing. *Id*. at 1240, 1243. On these grounds, we concluded that the district court had properly granted summary judgment to Ogden City. *Id*. at 1243.

Immediately following the issuance of the en banc decision, Tool Box filed a motion in the district court seeking to amend its 2000 complaint. It argued that, in the interest of justice, the district court should grant leave to amend under Federal Rule of Civil Procedure 15(a), so that it could now pursue a potentially meritorious as-applied challenge. Tool Box admitted that an as-applied challenge to the covenants had never been at issue in the prior district court proceedings. Aplt. App. at 55, 57. It gave no explanation why it had not pursued an "as-applied" challenge, and did not suggest that it had somehow lacked an opportunity to do so. Indeed, during the prejudgment hearing on Ogden City's motion for summary judgment, the district court raised the possibility of an as-applied challenge to the covenants, but Tool Box asked the court to stay focused on its

facial, unbridled-discretion challenge to the covenants. Aple. Supp. App. at 52, 62.

A month after filing its motion to amend, Tool Box filed a motion to set aside the prior judgment under Federal Rule of Civil Procedure 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, explaining that it sought to vacate the judgment in order to amend its complaint. After a hearing, the district court denied both motions. It ruled that the Rule 15(a) motion to amend could not be considered unless the June 26, 2001 final judgment was first set aside or vacated, but that it could not grant the motion to set aside the judgment because it had not been timely filed in accordance with Rule 60(b). The district court noted that, were the motion to amend properly before it, justice would not require leave to amend be granted because Tool Box could have raised its proposed as-applied claim in the original proceeding.

We review the district court's denial of the Rule 15(a) motion to amend the complaint and the Rule 60(b) motion to vacate the judgment under an abuse of discretion standard. *See Stubblefield v. Windsor Capital Group*, 74 F.3d 990, 994 (10th Cir. 1996) (Rule 60(b)(1) motion reviewed for abuse of discretion); *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (per curiam) (postjudgment motion to amend reviewed for abuse of discretion); *see also Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) (same, expressly rejecting de

novo review).  For the reasons below, we find no abuse of the district court's discretion.

II.

On appeal, Tool Box first contends that the district court erred in denying its motion to amend the complaint.  Tool Box notes the general rule that leave to amend should be freely allowed under Rule 15(a) when justice requires, and argues that justice requires that it be allowed to pursue a potentially meritorious as-applied claim.  Tool Box contends that it is not the rule in this circuit, as the district court held, that the motion to amend could not be considered until the 2001 judgment was first set aside.  Tool Box is incorrect.

This court has repeatedly and unequivocally held that, "'[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)'."  *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996) (quoting *Cooper*, 780 F.2d at 29); *see also Combs,* 382 F.3d at 1205; *Knox v. First Sec. Bank*, 206 F.2d 823, 826 (10th Cir. 1953); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1489, at 692-93, 693 n.1 (2d ed. 1990) (citing this court's holding in *Cooper*, 780 F.2d at 29).  Indeed, the rule is the same in our sister circuits.  *See, e.g., Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004); *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002); *Morse v.*

*McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 270 (7th Cir. 1994); *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994); *Nat'l Petrochemical Co. v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991).

"To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." 6 Wright & Miller, § 1489, at 694. "The fact that a party desiring to amend after judgment has been entered is obliged first to obtain relief from the judgment imposes some important restrictions on the ability to employ Rule 15(a)." *Id*.

> For example, a judgment generally will be set aside only to accommodate some new matter that could not have been asserted during the trial, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation. Furthermore, unlike the liberal amendment policy of Rule 15(a), a party moving under Rule 60(b) will be successful only if he first demonstrates that the judgment should be set aside for one of the six reasons specified in the rule.

*Id*.

Moreover, even though Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires," "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *Bressner v. Ambroziak*, 379 F.3d

478, 484 (7th Cir. 2004);   *see also Ahmed* , 297 F.3d at 207-08 (liberality of Rule 15 no longer applicable once judgment has been entered).  It is undisputed that Tool Box could have asserted an as-applied challenge during the prejudgment merits proceedings, but chose not to do so.  Courts have refused to allow a postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave.   *See Landon v. N. Natural Gas Co.* , 338 F.2d 17, 20 (10th Cir. 1964);  *see also  Vielma* , 218 F.3d at 468 ("[W]e have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." (quotation omitted)); 6 Wright & Miller, § 1489, at 696 ("A number of courts, exercising their discretion under Rule 15(a), have refused to allow a postjudgment amendment when the moving party had an opportunity to assert the amendment during trial but waited until after judgment before requesting leave. . . .") (citing cases).  In any event, the district court correctly ruled it could not consider Tool Box's Rule 15(a) motion to amend the complaint unless the judgment was first vacated.

Tool Box next contends the district court erred in denying as untimely its Rule 60(b) motion to vacate the judgment. Tool Box sought to vacate the June 2001 judgment pursuant to Rule 60(b)(1), for mistake, inadvertent surprise, or excusable neglect. Rule 60(b) provides that a Rule 60(b)(1) motion "shall be made within a reasonable time," but never "more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b); *see also White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990) (noting rule). The one-year limitations period for filing a Rule 60(b)(1) motion is absolute. *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (citing 12 James Wm. Moore, *Moore's Federal Practice*, ¶ 60.65[2][a], at 60-200 (3d ed. 1997)); *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir. 1987) (citing 11 Wright & Miller, § 2866).

Tool Box argues that the June 2001 judgment was not a final judgment as contemplated by Rule 60(b) because the original panel of this court vacated the district court's judgment, and the 2001 judgment was not reinstated and made final until the en banc court affirmed the district court's ruling and the district court received this court's mandate. Tool Box is again mistaken: The district

court's judgment was not, in fact, vacated, [2] and an appeal does not toll or extend the one-year time limit of Rule 60(b).

Tool Box cites, as legal support, 28 U.S.C. § 2255, which sets forth rules governing post-conviction habeas proceedings and permits the filing of a habeas petition within one year after the judgment of conviction "becomes final." 28 U.S.C. § 2255(1). This, quite clearly, is not a habeas petition, and Rule 60(b), not § 2255, governs this proceeding. By its terms, the one-year time limit in Rule 60(b) runs from the date the judgment was "entered" in the district court; it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period. *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (per curiam); *Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 559 (7th Cir. 1999); *Fed. Land Bank v. Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Moolenaar v. Gov't of Virgin Islands*,

---

[2]    As well as being legally incorrect, Tool Box's argument is also factually incorrect: the panel's decision did not vacate the district court's decision because no mandate ever issued with respect thereto. The panel's decision issued on January 26, 2003, but Ogden City's timely petition for rehearing on February 5, 2003 stayed issuance of the mandate. *See* Fed. R. App. P. 41(d)(1). Rehearing was granted on April 28, 2003; the en banc decision was filed on January 21, 2004; and this court's only mandate issued on February 12, 2004, affirming the judgment of the district court.

822 F.2d 1342, 1346 n.5 (3d Cir. 1987); *Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 280 (D.C. Cir. 1971); 11 Wright & Miller, § 2866, at 390.

Tool Box argues that the judgment sent back from this court differed from the district court decision because we affirmed under the vagueness/prior restraint theory articulated in *City of Lakewood*, rather than under the four-part balancing test articulated in *O'Brien*. Although not cited by Tool Box, some courts have recognized that a new, one-year period under Rule 60(b) might be triggered if the subsequent appellate ruling substantially alters the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties. *See Berwick*, 189 F.3d at 559-60; *Simon v. Navon*, 116 F.3d 1, 3 (1st Cir. 1997); *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir.1971); *see also* 11 Wright & Miller, § 2866, at 390-91.

Here, however, the en banc judgment of this court did not alter the district court's grant of summary judgment, even though it was premised on a different legal analysis. *See Berwick*, 189 F.3d at 560 (holding that grant of summary judgment on different legal theory did not constitute a substantial alteration triggering a new one-year period under Rule 60(b)); *cf*. *FDIC v. Noel*, 177 F.3d 911, 916 (10th Cir. 1999) (holding that court may affirm summary judgment grant on any grounds found record to permit conclusion of law and is not limited to grounds relied upon by trial court). Furthermore, Tool Box and Ogden City both

stand in the exact same position as they did after the June 2001 judgment. *See Berwick*, 189 F.3d at 560 (holding that outright affirmance of summary judgment, even on different grounds, does not revise the legal rights and obligations of parties so as to trigger a new time limit under Rule 60(b)). Tool Box does not offer any argument that the en banc decision disturbed or revised the legal rights and obligations of the parties. As earlier noted, Tool Box had every opportunity to pursue an as-applied challenge during the merits proceedings, but chose not to do so; indeed, it asked the district court not to consider such a challenge. [3] Accordingly, there is no basis to conclude that the en banc decision substantially altered the judgment so as to trigger a new one-year time limit under Rule 60(b).

The district court correctly denied Tool Box's Rule 60(b)(1) motion to vacate the judgment as untimely, and, thus, correctly denied the motion to amend the complaint. The judgment of the district court is AFFIRMED.

---

[3] For this reason, Tool Box did not establish mistake or surprise under Rule 60(b)(1). *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[T]he kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against."); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party.").