**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS D. CRAFT, JR.,

        Plaintiff - Appellant,

v.

OFFICER NULL, Correctional Officer;
OFFICER ORR, Correctional Officer;
OFFICER BOONE, Correctional Officer;
JOSEPH TAYLOR, Warden; JOHN
HILLIGOSS, Unit Mgr.; JOHN
MIDDLETON, Asst. Warden; RAY
CHOATES, Unit Mgr.; MR SCABNICK,
Unit Investigator,

        Defendants - Appellees.

No. 13-6089
(D.C. No. 5:12-CV-01052-R)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Louis D. Craft, Jr., an Oklahoma prisoner, sued under 42 U.S.C. § 1983, claiming that glass was put in his food and that he was the victim of retaliation. Prisoner suits, like Mr. Craft's, require exhaustion of available administrative remedies. Alleging that Mr. Craft failed to exhaust these remedies, the Defendants moved in the district court for dismissal. The district court granted the motion and dismissed the action. Only then

---

[*] This order and judgment does not constitute precedent. 10th Cir. R. 32.1(A).

did the Plaintiff move to amend. When the district court denied this motion, Mr. Craft appealed the dismissal and the denial of his motion for leave to amend. We affirm.

## The Applicable Grievance Procedure

The Oklahoma Department of Corrections has a three-step grievance procedure for complaints about conditions of confinement. The inmate begins by attempting to informally resolve the dispute. If this effort proves unsuccessful, he can file a grievance. If the prisoner remains dissatisfied after authorities answer the grievance, he can appeal to the administrative review authority.

When inmates face an emergency, they can file a grievance without attempting to informally resolve the dispute. The grievance will be returned to the inmate if the reviewing authority decides that the matter does not involve a true emergency.

Additional requirements exist for prisoners subject to a grievance restriction. These prisoners must submit an affidavit and list their prior grievances.

## The Exhaustion Requirement

We apply de novo review to the district court's dismissal for failure to exhaust administrative remedies. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

These remedies must have been exhausted before Mr. Craft filed the suit. 42 U.S.C. § 1997e(a) (2006); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). To exhaust administrative remedies, Mr. Craft had to comply "with [the Department of Corrections'] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Substantial compliance would not have sufficed, for Mr. Craft had to

2

properly complete the grievance process and cure any deficiencies. *Jernigan*, 304 F.3d at 1032.

## Mr. Craft's Use of the Prison Grievance Procedure

We conclude that the grievance process was not properly completed. Before the incident with his food, he was already subject to a grievance restriction. Rather than comply with the requirements for a grievance restriction, Mr. Craft tried to utilize the expedited procedure for an emergency. Thus, he filed a grievance without trying to informally resolve the dispute. In this grievance, he asked for the firing of one of the prison guards and for the award of $4.2 million. Authorities returned the grievance to Mr. Craft, stating that the issue was not grievable, the desired remedy was unavailable, and the matter did not involve an emergency.

## Mr. Craft's Failure to Properly Exhaust
## Available Administrative Remedies

We conclude that Mr. Craft did not exhaust available administrative remedies. Though he filed a grievance, he did not file the affidavit or list that was required as a result of the grievance restriction. And once the administrative review authority told Mr. Craft that his grievance was not an emergency, he had to restart the administrative process by trying to informally resolve the dispute and resubmitting the grievance. Instead, he again skipped the preliminary steps and returned directly to the administrative review authority, who again returned the grievance to Mr. Craft and asked him to provide proper documentation.

3

Mr. Craft contends that the grievance should not have been returned to him and that no administrative remedies were available. We reject both contentions because Mr. Craft still had steps available to him even if we were to accept his characterization of what took place.

Even if Mr. Craft is correct in characterizing his grievance as an emergency, he still would have had options open to him under the administrative process. Thus, even if the grievance had been improperly returned, "that does not mean he [could] simply ignore [authorities'] determination [that the grievance did not constitute an emergency] and opt out of the grievance procedure." *Brewer v. Mullin*, 130 F. App'x 264, 265-66 (10th Cir. 2005).

In addition to challenging the return of his grievance, Mr. Craft denies the availability of a remedy on grounds that: (1) he attempted to correct his submission by filing an affidavit with the administrative review authority and never received a response, and (2) authorities indicated that the complaint was not "grievable." Both arguments are unconvincing.

First, Mr. Craft claims that he provided the administrative review authority with a corrected affidavit and never received a response, making a remedy "unavailable." But the affidavit should have been submitted to the warden with the grievance — not to the administrative review authority with the appeal. Thus, Mr. Craft did not properly utilize the administrative process.

Second, Mr. Craft contends that he had been told the issue was not grievable. But it was because it involved conditions of confinement, and the administrative review

4

authority (the final decisionmaker in the administrative process) never questioned the grievable nature of the claim.

For both reasons, we hold as a matter of law that an administrative remedy was available. This remedy went unexhausted, and we affirm the dismissal.

## Denial of Leave to Amend

After the district court dismissed the action, Mr. Craft asked for leave to amend by adding a claim for excessive force. The district court denied leave to amend, and we uphold this ruling.

Once judgment was entered, Mr. Craft could not file an amended complaint unless the judgment was set aside or vacated under Fed. R. Civ. P. 59(e) or 60(b). *See Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) ("once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)" (citations omitted)).

The district court found no justification for a post-judgment amendment, and we will reverse only if the district court abused its discretion. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1086-87 (10th Cir. 2005) (reviewing denial of a post-judgment motion to amend under an abuse-of-the-discretion standard).

We think the court acted within its discretion. Mr. Craft wanted to add a claim for excessive force based on the glass in his food, but failed to say why he waited until after entry of the judgment to add this claim. In the absence of an explanation, the district court could justifiably refuse to allow amendment of the complaint after the judgment had already been entered. *See id.* at 1088 (noting that courts have disallowed post-

5

judgment amendments when the movant could have asked for leave earlier). As a result, we conclude the district court did not abuse its discretion in denying leave to amend the complaint.

## Mr. Craft's Other Motions

In addition to appealing dismissal of the action and denial of leave to amend, Mr. Craft challenges the denial of his motions for summary judgment, for a preliminary injunction, for an order compelling discovery, and for an extension of time to serve process. These rulings have become moot with our affirmance of the dismissal and denial of leave to amend. As a result, we need not decide whether the district court was correct in its handling of these motions.

## Conclusion

We affirm the district court's dismissal without prejudice and denial of leave to amend. As a result, we deny his other motions on grounds of mootness.

Entered for the Court

Robert E. Bacharach
Circuit Judge

6