**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOUIS DOUGLAS CRAFT, JR.,

    Plaintiff - Appellant,

v.

TERRA OLDEN, Correctional Officer;
CASEY YANDELL-FORAN, Case
Manager; KATE WALGREEN,
Correctional Officer,

    Defendants - Appellees.

No. 13-7031
(D.C. No. 6:10-CV-00375-RAW-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Louis Douglas Craft, Jr., proceeding pro se,[1] appeals from district court orders

(1) dismissing his 42 U.S.C. § 1983 civil rights action alleging racial remarks,

threats, and retaliation under Federal Rule of Civil Procedure 12(b)(6), in part for

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    We construe Mr. Craft's pro se filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) and in part for failure to state a claim for relief; (2) denying his motion for reconsideration under Federal Rules of Civil Procedure 60(b)(1), (3), and (6) and 61 and his motion to alter and amend the judgment under Federal Rule of Civil Procedure 59(e); and (3) denying his motion for appointment of counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Craft first challenges the dismissal without prejudice of claims for failure to exhaust administrative remedies. We review de novo a dismissal for failure to exhaust administrative remedies. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (reviewing de novo finding of failure to exhaust administrative remedies). We also review Rule 12(b)(6) dismissals for failure to state a claim de novo. *See Gallagher*, 587 F.3d at 1067. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Mr. Craft acknowledges that he was required to exhaust his administrative remedies, *see* 42 U.S.C. § 1997e(a), he contends that he was unable to do so due to the fault of prison officials. He maintains that his imprisonment in segregation required him to rely on prison officials for forms and instructions, both of which were wrongly provided. Upon review of the parties' briefs, the relevant

law, and the record on appeal, we conclude that the district court correctly dismissed

Mr. Craft's claims for failure to exhaust administrative remedies.[2]

Next, Mr. Craft argues that the district court abused its discretion in denying

his motions to alter or amend the judgment and to reconsider filed under Rules 59(e),

60(b)(1), (3), and (6), and 61.[3]  We review the denials for an abuse of discretion.

*See Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010) (Rule 60(b)(3)); *Price v.*

*Wolford*, 608 F.3d 698, 706 (10th Cir. 2010) (Rule 59(e)); *Manning v. Astrue*,

510 F.3d 1246, 1249 (10th Cir. 2007) (Rule 60(b)(1)); *LaFleur v. Teen Help*,

342 F.3d 1145, 1153 (10th Cir. 2003) (Rule 60(b)(6)); *Guarantee Abstract & Title*

*Co. v. United States*, 696 F.2d 793, 796 (10th Cir. 1983) (Rule 61).  In doing so, we

conclude there was no abuse of discretion.  As the district court found, Mr. Craft

failed to show manifest errors of law or present newly discovered evidence as Rule

---

[2]     In his reply brief, Mr. Craft challenges the dismissal of one of his claims for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  In his complaint, Mr. Craft sought damages for allegedly wrongful misconduct proceedings.  Because no misconducts had been set aside, the district court dismissed without prejudice the damages claim for failure to state a claim.  We typically do not consider issues raised for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).  Even if we were to do so, we would conclude that the district court correctly dismissed the damages claim.

[3]     Mr. Craft also argues, without more, that the district court abused its discretion in denying his motion to amend.  We need not address his conclusory allegation.  Even if we were to address it, we would conclude that the district court did not abuse its discretion in denying the motion. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1086-87 (10th Cir. 2005) (reviewing denial of post-judgment motion to amend for abuse of discretion and concluding there was no abuse of discretion because judgment had not been set aside or vacated under Rule 59(e) or 60(b)).

59(e) requires, failed to set forth specific facts or law entitling him to relief under Rule 60(b), and failed to present specific allegations under Rule 61.

Lastly, Mr. Craft argues that the district court abused its discretion in denying his motion for appointment of counsel. In denying appointment of counsel, the court considered Mr. Craft's ability to present his claims and the complexity of the claims and determined appointment of counsel was not warranted. "We review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (internal quotation marks omitted). Like the district court, the factors we consider "include the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Id.* (internal quotation marks omitted). Although Mr. Craft concedes that he can "present[] his case intelligently and coherently," Aplt. Br. at 11, he believes that his issues are complex and he needed help with discovery. We disagree. Even with appointed counsel, it is unlikely that Mr. Craft would have prevailed in the district court. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Accordingly, we conclude that the district court did not abuse its discretion.

The judgment of the district court is affirmed.[4]

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[4]     We assess a strike against Mr. Craft.  *See Thomas v. Parker*, 672 F.3d 1182, 1183-85 (10th Cir. 2012) (holding partial dismissal for failure to state claims and partial dismissal for failure to exhaust claims results in strike under 28 U.S.C. § 1915(g)).