**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ELBERT KIRBY, JR.;
CALEB MEADOWS,

     Plaintiffs - Appellants,

v.

RESMAE MORTGAGE
CORPORATION; LASALLE BANK
NATIONAL ASSOCIATION; US BANK
NATIONAL ASSOCIATION; SAXON
MORTGAGE SERVICES, INC.; OCWEN
LOAN SERVICING, LLC; JOHN AND
JANE DOES 1-100,

     Defendants - Appellees.

No. 15-5019
(D.C. No. 4:14-CV-00389-GKF-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.
_____

    Pro se plaintiffs Elbert Kirby, Jr. and Caleb Meadows (collectively "Kirby")

appeal the district court's orders denying their motion for default judgment,

---

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissing their initial and amended complaints, and denying their request to file a second amended complaint. We affirm.

## I. Background

Kirby sued Resmae Mortgage Corporation and others under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, accusing them of using false evidence of indebtedness to deprive him of property. Specifically, Kirby alleged that he received monthly requests for payment from someone who claimed to have a security interest in his property. Kirby did not, however, state whether he ever made a payment or explain how he was deprived of property. As a result, the district court dismissed Kirby's complaint for failure to state a claim on which relief could be granted. Kirby subsequently filed an amended complaint, which the court also dismissed on grounds that his claims were "clearly baseless" and "factually frivolous."

Having given Kirby two opportunities to bring a valid claim, the court entered judgment in favor of Resmae and the other defendants. After the judgment entered, Kirby filed a motion asking the district court to vacate its prior order and allow him to file a second amended complaint. The court denied the motion and Kirby appealed.

## II. Discussion

On appeal, Kirby argues the district court erred by (1) denying his motion for default judgment against Resmae, (2) dismissing his initial and amended complaints, and (3) denying his postjudgment motion for leave to file a second amended

2

complaint. We lack jurisdiction to review Kirby's first two claims and conclude the district court did not abuse its discretion when it denied Kirby's motion for leave to file an amended complaint.

## A. Orders Denying Kirby's Motion for Default Judgment and Dismissing his Complaints

Kirby argues in his opening brief that the district court erred when it denied his motion for default judgment and dismissed his initial and amended complaints. Kirby's notice of appeal, however, designates only one order for appellate review: the district court's "final order on the Plaintiffs['] Motion for Leave to File an Amended Complaint based upon Newly Discovered Evidence of Extrinsic Value entered into this action on March 3, 2015." We do not have jurisdiction to review orders not identified in the notice of appeal. *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997). We therefore limit our review to the district court's order denying Kirby's postjudgment motion for leave to file a second amended complaint.

## B. Postjudgment Motion for Leave to Amend Complaint

Kirby claims the district court erred when it denied his postjudgment motion for leave to file a second amended complaint. He argues the court should have allowed him to amend his complaint in light of new evidence, namely a prospectus supplement for a particular mortgage loan asset-backed certificate. He also claims the district court should have recused because the judge had two accounts with

3

Merrill Lynch, which filed the prospectus supplement with the Securities and Exchange Commission.[1] We disagree on both counts.

We review the denial of a postjudgment motion for abuse of discretion. *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005). "A district court abuses its discretion when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *BancInsure, Inc., v. F.D.I.C.*, Nos. 14-3063 & 3064, 2015 WL 4647980, at *9 (10th Cir. Aug. 6, 2015) (internal quotation marks omitted).

As an initial matter, we construe Kirby's motion as a request to alter or amend the district court's judgment under Fed. R. Civ. P. 59(e) because it was filed within twenty-eight days after the judgment entered, sought to present new evidence, and raised an additional legal issue. *See* Fed. R. Civ. P. 59(e); *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) ("A Rule 59(e) motion is the appropriate vehicle to correct manifest errors of law or to present newly discovered evidence.") (internal quotation marks omitted); *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (a plaintiff may not file an amended complaint after judgment has entered unless the judgment is vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)). Relief under Rule 59(e) may be warranted (1) when there has been a change in the controlling law,

---

[1] The supplement was actually filed by Merrill Lynch Mortgage Investors Trust. For purposes of this appeal, we need not determine whether the two are distinct entities.

(2) when there is new evidence that was previously unavailable, or (3) to correct clear error or prevent manifest injustice. *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).

We agree with the district court that, to the extent the prospectus supplement was relevant to Kirby's claims, he failed to show it warranted relief under Rule 59(e). A party who seeks to submit additional evidence must show the evidence is newly discovered and, if the evidence was available at the time of the decision being challenged, that he made a diligent effort to discover it. *Comm. For First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). As the district court noted, the prospectus supplement is a public record that appears to have been available since 2006,[2] and Kirby offered no explanation for his failure to discover it sooner. Under the circumstances, we conclude the district court did not abuse its discretion when it denied Kirby's motion on this ground.

Likewise, we reject Kirby's claim that the district court erred when it denied his request to recuse. Kirby alleged in his postjudgment motion that the district court had a "conflict[] with the current subject matter" because, according to a financial disclosure report, the judge had two retirement accounts with Merrill Lynch. R. vol. 1 at 107. The court interpreted Kirby's argument as a request for recusal under 28 U.S.C. § 455.[3] It found that recusal was not required because Merrill Lynch

---

[2] The prospectus supplement is dated June 26, 2006, and is on file with the Securities and Exchange Commission.

[3] Kirby made no objection to this interpretation and appears to have adopted it in his opening brief.

5

was not a party to the case, a reasonable person knowing all relevant facts would not harbor doubts about the court's impartiality, and the case could not substantially affect the court's financial interests. *See* 28 U.S.C. § 455(a), (b)(4). Kirby has given us no reason to conclude otherwise. Therefore, the district court did not abuse its discretion by denying Kirby's request to recuse.

## III. Conclusion

Because the district court did not abuse its discretion when it denied Kirby's motion for leave to file an amended complaint, and we lack jurisdiction to address Kirby's other claims, we affirm the district court's order.

Entered for the Court

John C. Porfilio
Circuit Judge