**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WEBB,

    Plaintiff - Appellant,

v.

MEGAN SMITH, U.S. Marshal's Service
Inspector; RICK CASAS, U.S. Marshal's
Service Inspector; JAMES A.
THOMPSON, U.S. Marshal for District of
Utah; ELIZABETH LNU, Deputy Clerk;
MICHELLE LNU, Deputy Clerk; LOUISE
S. YORK, Attorney, Chief Deputy Clerk,

    Defendants - Appellees.

No. 16-4003
(D.C. No. 1:15-CV-00049-DLR)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **BACHARACH**, Circuit Judges.
_____

David Webb appeals the district court's denial of his motion to amend his

complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Webb filed suit against several members of the U.S. Marshals Service and the District of Utah clerk's office because he was required to be accompanied by an armed security escort during visits to the District of Utah courthouse. He alleged violations of Title VI of the Civil Rights Act, the Federal Tort Claims Act ("FTCA"), and state tort law. The district court dismissed the Title VI claims for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and dismissed the FTCA claims for failure to exhaust administrative remedies, 28 U.S.C. § 2675(a). Webb appealed to this court. We affirmed and remanded to the district court to clarify that the FTCA claims were dismissed without prejudice and to address Webb's state tort claims. On remand, the district court amended its judgment to state that the dismissal of the FTCA claims was without prejudice, and that the court declined to exercise supplemental jurisdiction over the state tort claims. Webb then filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15. The district court denied his motion because it had already issued a final judgment in the case. This appeal followed.

# II

Webb argues the district court erred in denying his motion to amend his complaint because the complaint demonstrated that his claims had merit.[1] We review a district court's denial of a Rule 15 motion to amend for abuse of discretion. Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).

---

[1] We construe Webb's pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

-2-

"This court has repeatedly and unequivocally held that once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) (quotation omitted). Webb filed his motion to amend after the district court entered its amended judgment. And the amended judgment was not set aside or vacated. Further, as recognized in our prior order and judgment, Webb must exhaust administrative remedies before the district court would have jurisdiction over his FTCA claims. Although Webb filed an administrative complaint, he has not demonstrated that the complaint has been denied. Thus, he has not shown that he exhausted administrative remedies. See 28 U.S.C. § 2675(a). The district court did not abuse its discretion in denying Webb's motion to amend his complaint.[2]

### III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Webb also appeals the district court's amended judgment. However, Webb merely restates arguments made in his prior appeal. These arguments are barred by the law of the case. Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995) ("[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.").