**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SHERWIN V. KOYLE,

     Plaintiff - Appellant,

v.

SAND CANYON CORPORATION;
WELLS FARGO BANK NATIONAL
ASSOCIATION,

     Defendants - Appellees.

No. 18-4041
(D.C. No. 2:15-CV-00239-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Sherwin Koyle appeals the district court's denial of his Fed. R. Civ. P. 60(b)

motion.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Koyle filed suit in Utah state court against Sand Canyon Corporation and

Wells Fargo Bank, N.A., asserting various claims related to a foreclosure.

Defendants removed the case to federal court.  The district court granted summary

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment in favor of defendants on March 8, 2016.  We affirmed.  <u>Koyle v. Sand</u>

<u>Canyon Corp.</u>, 683 F. App'x 715, 716 (10th Cir. 2017) (unpublished).

On March 5, 2018, Koyle filed a motion for relief from judgment based on

newly discovered evidence and fraud under Rule 60(b)(2) and (3).  He also submitted

an affidavit requesting a temporary restraining order to halt a scheduled foreclosure

sale.  The district court denied both requests for relief.  This appeal followed.

**II**

We review the denial of a Rule 60(b) motion for abuse of discretion.  <u>Switzer</u>

<u>v. Coan</u>, 261 F.3d 985, 988 (10th Cir. 2001).  Rule 60(b) allows for relief from a final

judgment based on, inter alia, "newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule

59(b)" or "fraud (whether previously called intrinsic or extrinsic), misrepresentation,

or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(2), (3).  A motion under

either of these subsections "must be made . . . no more than a year after the entry of

the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Koyle's motion was filed nearly two years after the district court's summary

judgment order, well beyond this deadline.

On appeal, Koyle asserts that the deadline to file a Rule 60(b) motion should

be calculated from the date this court's mandate issued.  But we have previously held

that "the one-year time limit in Rule 60(b) runs from the date the judgment was

'entered' in the district court; it does not run from the date of an appellate decision

reviewing that judgment, nor does the pendency of an appeal toll the one-year

2

period." The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088-89 (10th Cir. 2005). The rule is the same in our sibling circuits. See id. at 1089 (collecting cases). Koyle argues that such a rule is unfair in light of a district court order denying for lack of jurisdiction Koyle's motions filed during the pendency of the appeal. We need not decide whether a litigant filing an untimely but meritorious Rule 60(b) motion might be entitled to some form of relief under these circumstances in light of the plainly frivolous nature of Koyle's filings.

### III

Defendants request attorneys' fees for litigating this appeal. In the prior appeal, we concluded that defendants were entitled to reasonable fees incurred on appeal pursuant to an adjustable rate note signed by Koyle. Koyle, 683 F. App'x at 725. We explained that by defending Koyle's suit intended to stop the foreclosure, "defendants have, in essence, incurred 'costs and expenses in enforcing th[e] Note,' and thus are entitled to an award of 'reasonable attorneys' fees' as authorized by Paragraph 7(E) of the Note." Id. The same is true in this appeal. We therefore direct submission of a statement of reasonable attorneys' fees as described below.

### IV

**AFFIRMED**. Defendants shall submit, within thirty days of the date of this Order and Judgment, a statement of appellate attorneys' fees and costs for which they seek reimbursement. Koyle shall then have thirty days from the date defendants

3

submit their statement to file any objections to defendants' requested fees and costs.

Entered for the Court

Carlos F. Lucero
Circuit Judge