**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRISTIAN DON BOWENS,

    Petitioner - Appellant,

v.

SCOTT CROW, Director of Oklahoma
Department of Corrections,

    Respondent - Appellee.

No. 20-6157
(D.C. No. 5:17-CV-00061-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Tristian Don Bowens seeks to appeal the denial of his motion to amend his 28

U.S.C. § 2254 habeas application. We conclude Bowens is not entitled to a certificate of

appealability ("COA") and dismiss this matter.

**I**

Bowens was convicted by a jury in Oklahoma state court for lewd molestation of a

minor after two prior felonies. He was sentenced to 25 years' imprisonment. Bowens

appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals

("OCCA"), which affirmed his conviction and sentence. Bowens then filed at least three

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

separate applications for postconviction relief in Oklahoma state court. In each instance, the OCCA affirmed Bowens's convictions and denied relief.

Bowens also filed a petition for habeas relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The petition was referred to a magistrate judge for report and recommendation. The magistrate judge recommended that the petition be denied. Bowens objected, and the district court adopted the magistrate judge's report and recommendation after de novo review. The district court also denied Bowens a COA pursuant to 28 U.S.C. § 2253(c)(2).

Bowens then sought relief in this court. We denied Bowens's motion for a COA and dismissed the matter. *Bowens v. Allbaugh*, 791 F. App'x 766 (10th Cir. 2019) (unpublished). In that decision, we addressed "Ground One" of Bowens's petition, i.e., that "the state improperly remanded his case for a second preliminary hearing." *Id.* at 769. We rejected Bowens's Ground One claim as waived because "Bowens did not raise this issue on direct appeal to the OCCA, asserting it for the first time in his second state application for post-conviction relief." *Id.* Further, we affirmed the district court's holdings that Bowens must be bound by his waiver because he could not establish cause and prejudice for his oversight or a miscarriage of justice. *Id.*

After we denied his request for a COA, Bowens filed a motion with the district court to amend his habeas petition to clarify his Ground One argument. The district court denied his motion, holding that "this case has been terminated and there is no petition to amend." ROA at 153. The district court alternatively held that this court's prior decision

2

in *Bowens v. Allbaugh* was the law of the case, and the district court was bound to apply it. Bowens now seeks relief from this court.

## II

To appeal, Bowens must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed the filing on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Bowens is pro se, we construe his filings liberally. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, we may not "take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d at 1110).

The district court's procedural rulings were clearly correct. First, a Rule 15 motion to amend cannot be made after entry of final judgment. *See, e.g.*, *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (collecting cases). A Rule 15 motion may only be considered after the entry of judgment if the judgment is first set aside or vacated pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). *Id.* Yet, Bowens did not file a Rule 59 or Rule 60 motion. Thus, the district court properly denied his "motion to amend."

Second, in *Bowens v. Allbaugh,* this court held that Bowens's Ground One claim is procedurally barred. Under the law of the case doctrine, the district court was "obligated to follow this court's determination on an issue in subsequent proceedings in the same

3

case because a different result would allow the district court to substitute its opinion for that of this court, which is what the law of the case doctrine is intended to avoid." *Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020) (unpublished) (internal quotations omitted) (citing *United States v. Monsisvais*, 946 F.2d 114, 118 (10th Cir. 1991)). Accordingly, even construing Bowens's "motion to amend" as a Rule 60(b) motion, the district court properly denied that motion under the law of the case doctrine and our prior ruling in *Bowens v. Allbaugh*.

Bowens's "Combined Opening Brief and Application for Certificate of Appealability" does not squarely address the district court's reasoning. In fact, Bowens does not acknowledge this court's adverse ruling in *Bowens v. Allbaugh*, nor does he address the district court's denial of his motion to amend. Rather, Bowens focuses his attention on why his Ground One claim cannot be procedurally barred. According to Bowens, his Ground One claim is jurisdictional, and therefore "[c]an never be waived and can be raised on a[] collateral appeal." Aplt. Opening Br. at 19 (citing *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2501 n.9 (2020) (Roberts, C.J., dissenting) ("[U]nder Oklahoma law, it appears that there may be little bar to state habeas relief because issues of subject matter jurisdiction are never waived and can therefore be raised on a collateral appeal." (internal quotations omitted))).

Construing Bowens's appeal most liberally, Bowens appears to seek recall of our mandate in *Bowens v. Allbaugh*. We have previously remarked that we may recall our mandate sua sponte "to reconsider issues raised in a petitioner's first federal habeas petition." *Allen v. Massie*, 236 F.3d 1243, 1245 (10th Cir. 2001) (citing *Calderon v.*

4

*Thompson*, 523 U.S. 538, 554 (1998)). Our discretion to recall our mandate sua sponte "is seriously constrained by the foundational principles 'underlying our habeas corpus jurisprudence.'" *Id.* (quoting *Calderon*, 523 U.S. at 554). Accordingly, we may only recall our mandate sua sponte "to avoid a miscarriage of justice," generally requiring the petitioner to establish "actual as compared to legal innocence." *Id.* (quoting *Calderon*, 523 U.S. at 558, 559). Because Bowens makes no showing of actual innocence, this is not one of the "exceedingly rare cases" in which we may recall our mandate. *Id.* at 1246. Accordingly, we deny a COA.[1]

Because Bowens has not shown he is entitled to a COA, we also deny his motion to certify a question of state law. *See Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) (certification appropriate for questions that "may be determinative of the case at hand).

Finally, Bowens seeks leave to proceed in forma pauperis. To receive that status, he must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," in addition to "a financial inability to pay the required filing fees." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotations and alterations omitted). Bowens does not present any nonfrivolous legal

---

[1] In his Motion to Amend/Supplement Pleadings before this court, Bowens appears to assert that the state magistrate judge's grant of the Motion to Quash at the first preliminary hearing establishes his actual innocence. *See* Mot. Amend Suppl. Pleadings at 2–3. Bowens confuses probable cause and actual innocence. Whereas probable cause describes the government's burden at a preliminary hearing, actual innocence describes a petitioner's burden in light of trial and post-trial evidence. *Calderon*, 523 U.S. at 559. Accordingly, even considering the arguments in his Motion to Amend, Bowens fails to establish actual innocence.

arguments, particularly in light of our prior resolution of Bowens's Ground One claim in *Bowens v. Allbaugh*. Accordingly, we deny his motion, and order immediate payment of the unpaid balance of the appellate filing fee.

For the reasons set forth above, we **GRANT** leave to amend the application for a COA, **DENY** a COA, **DENY** the motion to certify a question of state law, **DENY** leave to proceed in forma pauperis, and **DISMISS** this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge